UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           v.                                    DECISION AND ORDER
                                              11-CR–267

SCOTT BALD,

                Defendant.

---

      On June 18, 2014, the United States Court of Appeals for the Second Circuit issued a mandate remanding this matter to this Court for reconsideration of its order of restitution imposed in connection with defendant Scott Bald's judgment of conviction entered on June 28, 2013.  (Dkt. No. 47)  For the following reasons, the Court strikes the order of restitution.  (Dkt. No. 35, pg. 3)

      On January 3, 2013, defendant was charged in a Petition for Offender Under Supervision with four charges of violating a mandatory condition of his supervised release requiring that he not commit another federal, state or local crime.  A violation hearing was held, during which credible testimony established that defendant and an accomplice attempted to break into a parked car on Metcalfe Street in Buffalo, that defendant and his accomplice fled the area when police arrived in response to a 911 call, and that the accomplice was in possession of two screwdrivers at the time of his arrest.

      Erica Arroyo, the victim, testified during the hearing that the driver side

window of her car was ripped open and that the radio was torn out.  In addition, wires underneath the hood of her car had been clipped in order to deactivate her car alarm.  Ms. Arroyo provided receipts from Best Buy for the radio and car alarm, as well as estimates to repair the car and the window.  It was established that the total damage suffered by Ms. Arroyo was $1,966.64.  At the conclusion of the hearing, the Government requested that, in the event defendant was found guilty, the Court impose an order of restitution.

   In a Decision and Order dated May 9, 2013, the Court found defendant guilty of all four charges set forth in the Petition for Offender Under Supervision.  On June 11, 2013, defendant was sentenced to eighteen months imprisonment and ordered to pay restitution to Ms. Arroyo in the amount of $1,966.64.  Defendant objected to the order of restitution at the time of sentencing, and later appealed, to the Second Circuit Court of Appeals, that portion of his sentence.  In remanding the matter to this Court, the Second Circuit Court of Appeals directed that "since there is no binding precedent directly on point, the district court is directed to determine, in the first instance, whether the supervised release violation in this case, or the crime underlying the supervised release violation, may properly be deemed an 'offense' for which restitution is authorized under the relevant statutory provisions."  (Dkt. No. 47)  The Government concedes that it has not located statutory authority supporting the imposition of restitution when sentencing a defendant for a violation of supervised release.

The Second Circuit Court of Appeals has held that restitution may be ordered only for losses caused by an offense of conviction and only when authorized by statute.  *United States v. Cadet*, 664 F.3d 27, 34-35 (2d. Cir. 2011); *United States v. Helmsley*, 941 F.2d 71, 101 (2d. Cir. 1991).  Further, a violation of the conditions of supervised release does not constitute a new crime, and the punishment for a violation of supervised release is considered part of the penalty for the initial offense.  *United States v. Carlton*, 442 F.3d 802, 809 (2d. Cir. 2006); *United States v. Pettus*, 303 F.3d 480, 487 (2d. Cir. 2002) ("[T]he revocation of supervised release is not properly considered a new punishment.")

Here, defendant's initial offense was conspiracy to possess with intent to distribute and to distribute oxycodone.  Since Ms. Arroyo was not a victim of the initial offense, and because a violation of supervised release is not a crime for which restitution may be ordered pursuant to Sections 3663 or 3663A of Title 18 of the United States Code, it does not appear that there is any express statutory authority which permits the Court to impose restitution in this case.  *See United States v. Romines*, 204 F.3d 1067 (11th Cir. 2000) (restitution order imposed following violation of supervised release was unauthorized because the victims of the conduct underlying the violation were not victims of the offense of conviction).

The Court would be remiss not to mention that Ms. Arroyo is of limited financial means and, as a result of defendant's conduct, is left with no mode of transportation.  Thus, while striking the order of restitution is correct according to

the applicable law, the result is unfortunate to say the least.

For the foregoing reasons, the Court strikes the order of restitution imposed in connection with defendant's judgment of conviction entered on June 28, 2013.

SO ORDERED.

___*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: August 15, 2014